IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**WESCO INSURANCE COMPANY, et al**                               **PLAINTIFFS**

**v.**                                        **CIVIL ACTION NO: 2:20-cv-159-TBM-MTP**

**LEFREDDERICK DOVE, et al**                                    **DEFENDANTS**

**ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Consolidate [38]. Having considered the parties' submissions and the applicable law, the Court finds that the Motion should be denied.

On or about April 15, 2019, LeFredderick Dove was injured while performing work for S&D Mobile Home Movers, LLC ("S&D"). In January of 2020, Dove filed suit in the Circuit Court of Jasper County, Mississippi, claiming that S&D's negligence caused his injuries. At the time of the accident, S&D was insured under two insurance policies: a commercial automobile policy with Wesco Insurance Company ("Wesco") and a general liability policy with AmTrust International Underwriters ("AmTrust"). On August 26, 2020, Wesco and AmTrust filed this declaratory judgment action against Dove and S&D. Wesco and AmTrust seek a judgment declaring that the subject policies do not provide coverage for any claims arising out of the Dove's accident because the policies exclude coverage for claims by an employee against the insured for injuries suffered on the job.

On or about June 13, 2018, Dary Strickland was injured while he was at the scene where a mobile home was stuck in soft ground. Strickland also filed suit against S&D in the Circuit Court of Jasper County, claiming that S&D's negligence caused his injuries. On August 26, 2020, Wesco and AmTrust filed another declaratory judgment action in this Court against

1

Strickland and S&D, seeking a judgment declaring that their insurance policies with S&D do not provide coverage for any claims arising out of Strickland's accident. *See* Civil Action No. 2:20-cv-160-KS-MTP.

In the instant Motion, Wesco and AmTrust seek to consolidate the instant action against Dove and S&D with their action against Strickland and S&D, Civil Action No. 2:20-cv-160-KS-MTP.  Pursuant to Federal Rule of Civil Procedure 42(a), the Court may consolidate actions involving common questions of law or fact.  "A trial court has broad discretion in determining whether to consolidate a case pending before it." *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989).  In exercising their broad discretion in determining whether consolidation is appropriate, courts considered many factors, including:

> (1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is a risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, (5) whether consolidation will conserve judicial resources, (6) whether consolidation will result in an unfair advantage, (7) whether consolidation will reduce the time for resolving the cases, and (8) whether consolidation will reduce the cost of trying the cases separately.

*Taylor v. Bucker*, 2016 WL 11612544, at *1 (S.D. Miss. Sept. 8, 2016).

According to Wesco and AmTrust, "[t]he same ultimate issue is presented by both suits, whether the claims of Dove and Strickland for injuries sustained while doing work for S&D are excluded from coverage under the general liability and commercial auto policies of Plaintiffs issued to S&D."  Wesco and AmTrust assert that the "only facts and legal issues that are not common relate to the injuries of Dove and Strickland."

In his Response [39], Dove notes that his and Strickland's accidents occurred on different dates, nearly a year apart, and Dove asserts that the two declaratory judgment actions present

2

differing questions of law and fact. According to Dove, on the date of his accident, he was working for S&D as an independent contractor, not an employee, and therefore, the subject insurance policies do not exclude coverage for his negligence claims. Strickland, however, argues that the subject policies do not exclude coverage for his negligence claims because he was not working for S&D in any capacity on the date on his accident. Instead, Strickland was allegedly at the scene of the accident at the request of his cousin, who owned the mobile home which was stuck.

Dove argues that the distinguishable facts and legal arguments involved in these cases should disfavor consolidation. For their part, Wesco and AmTrust dispute the assertions that Dove was an independent contractor and Strickland was not working for S&D. Nevertheless, these issues are based on different sets of facts and allegations.

Dove also argues that combining these actions—one involving a Defendant who was working and another involving a Defendant who was not working—would promote confusion and could prejudice Strickland. Wesco and AmTrust argue that while Strickland may suffer some prejudice, consolidation will not unfairly prejudice him.

On balance, The Court finds that that factors weigh against consolidation. These cases involve differing sets of facts, and consolidation may cause confusion and prejudice. Additionally, it is not apparent that consolidation will avoid unnecessary costs or delay, given the distinct factual bases of the cases. Considering these and other factors, the Court finds that the Motion to Consolidate [38] should be denied.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Consolidate [38] is DENIED.

SO ORDERED this the 28th day of May, 2021.

                                                  s/Michael T. Parker
                                                  UNITED STATES MAGISTRATE JUDGE