IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**WESCO INSURANCE COMPANY and**
**AMSTRUST INTERNATIONAL UNDERWRITERS DAC**                     **PLAINTIFFS**

v.                                                        CIVIL ACTION NO. 2:20-cv-159-TBM-MTP

**LEFREDDERICK DOVE and**
**S&D MOBILE HOME MOVERS, LLC**                                 **DEFENDANTS**

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Additional Time [76] and Defendant Lefreddrick Dove's Motion to Quash [78]. Having considered the Motions, the record, and the applicable law, the Court finds that the Motion for Additional Time [76] should be denied and the Motion to Quash [78] should be granted.

On or about April 15, 2019, LeFredderick Dove was injured while performing work for S&D Mobile Home Movers, LLC ("S&D"). At the time of the accident, S&D was insured under two insurance policies: a commercial automobile policy with Wesco Insurance Company ("Wesco") and a general liability policy with AmTrust International Underwriters ("AmTrust"). On August 26, 2020, Wesco and AmTrust filed this declaratory judgment action against Dove and S&D, seeking a judgment declaring that the subject policies do not provide coverage for any claims arising out of Dove's accident because the policies exclude coverage for claims by an employee against the insured for injuries suffered on the job.

On February 24, 2021, the Court entered a Case Management Order [14], which set a September 8, 2021, discovery deadline. On August 26, 2021, the Court entered an Amended Case Management Order [61], which continued the trial of this matter and extended the discovery deadline to November 10, 2021.

1

On October 15, 2021, Plaintiffs served upon Dove their first set of interrogatories and first set of requests for production of documents. *See* Notices [62] [64]. Additionally, on November 5, 2021, Plaintiffs provided notice of their intent to serve subpoenas on the Mississippi Insurance Department and the Mississippi Department of Transportation. *See* Notice [74]. Plaintiffs served these subpoenas on November 17, 2021. *See* Returns [82] [83].

On November 10, 2021, Plaintiffs filed their Motion for Additional Time [76], requesting that the Court extend the discovery deadline for the purposes of requiring Dove to respond to Plaintiff's discovery requests and allowing the Insurance Department and Department of Transportation to respond to Plaintiffs' subpoenas. Dove opposes the Motion for Additional Time [76]. *See* Response [77]. Additionally, on November 15, 2021, Dove filed a Motion [78], requesting that the Court quash the subpoenas as untimely.[1]

Pursuant to Local Rule 26, "discovery requests that seek responses or schedule depositions that would otherwise be answerable after the discovery deadline date are not enforceable except by order of the court for good cause shown." L.U. Civ. R. 26(b)(2). Plaintiffs served their written discovery requests upon Dove on October 15, 2021. Pursuant to Fed. R. Civ. P. 33(b)(2) and 34(b)(2), a responding party must respond to written discovery within thirty days. Thus, Dove's responses were due on November 15, 2021. The discovery deadline, however, ran on November 10, 2021, making Plaintiffs' written discovery requests untimely. *See* Order [61]. Likewise, Plaintiffs' subpoenas to the Insurance Department and Department of

---

[1] "A party may challenge a subpoena issued to a non-party outside the discovery period, but such a motion will be treated as one for protective order to compel adherence to the discovery deadline." *Politz v. Nationwide Mut. Fire Ins. Co.*, 2009 WL 10676945, at *2 (S.D. Miss. Oct. 9, 2009). Thus, the Court will consider Dove's Motion to Quash [78] as a motion for protective order.

Transportation were untimely because they were answerable on November 30, 2021. *See* Returns [82] [83].

The Court now turns to Plaintiffs' request that the discovery deadline be extended for the purposes of allowing responses to their discovery requests and subpoenas. Case deadlines can be modified only by order of the Court upon a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record. *See* Case Management Order [16]; Fed. R. Civ. P. 16(b)(4). The good cause standard "require[s] the movant to show that the deadline cannot be met despite the diligence of the party needing the extension." *Puig v. Citibank, N.A.*, 514 Fed. App'x 483, 487-88 (5th Cir. 2013) (citation and quotation omitted). In determining whether the movant has met its burden under Rule 16(b)(4), the Court considers four factors: (1) the party's explanation for its failure to meet the deadline, (2) the importance of the requested relief, (3) potential prejudice in granting the relief, and (4) the availability of a continuance to cure such prejudice. *S&W Enters., LLC v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003); *Geiserman*, 893 F.2d at 791.

Plaintiffs provide an insufficient explanation for their failure to meet the deadlines established in the scheduling order. Plaintiffs state that they served the subject discovery requests on the same day they served requests in a related case, Civil Acton No. 2:20-cv-160-KS-MTP, which has a discovery deadline of December 1, 2021. In this case, however, the discovery deadline is November 10, 2021.[2] The Court entered its initial Case Management Order [14] on February 24, 2021, but Plaintiff waited nearly eight months to serve their first set of written discovery requests upon Dove and then waited an additional month to serve the

---

[2] Plaintiffs moved to consolidate this case and Civil Acton No. 2:20-cv-160-KS-MTP, but the Court denied that request. *See* Order [42].

subject subpoenas. Plaintiffs provide no explanation why they were unable to seek discovery in a timely manner.

Concerning the importance of the subject discovery, Plaintiffs argue that the information is "needed for Plaintiffs to adequately prepare this case for dispositive motions." They also argue that the information sought via the subject subpoenas is "basic to an understanding" of the work project underlying this case. These are bare, conclusory assertions. At this stage, a party may not rely on bare assertions that additional discovery and time extensions are necessary.[3] Finally, the requested extensions cannot be granted without again continuing the current trial setting, and a continuance is not warranted based on the current record. "Moreover, a continuance would not deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders." *Geiserman*, 893 F.2d at 792.

Having consider that applicable factors, the Court finds that Plaintiffs' request for an extension of the discovery period should be denied. As a result, Plaintiffs' subpoenas to the Insurance Department and Department of Transportation remain untimely, and Dove's motion for protection should be granted.

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion for Additional Time [76] is DENIED.

2. Defendant Lefreddrick Dove's Motion to Quash [78], which the Court has construed as a motion for protection, is GRANTED.

3. Plaintiffs shall immediately provide of copy of this Order to the Mississippi Insurance Department and the Mississippi Department of Transportation.

---

[3] Pursuant to the Case Management Order [14], the case deadlines "can be modified only by order of the court upon a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record."

SO ORDERED this the 2nd day of December, 2021.

                                              s/Michael T. Parker
                                              UNITED STATES MAGISTRATE JUDGE